PROB 12C
(Rev. 2011)

# United States District Court
## for
## Middle District of Tennessee
## Third Superseding Petition for Warrant or Summons
## for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 92]

Name of Offender: Bruce Alan Littleton     Case Number: 1:99-00001

Name of Current Judicial Officer: The Honorable Waverly D. Crenshaw, Jr., U.S. District Judge

Name of Sentencing Judicial Officer: The Honorable Thomas A. Higgins, U.S. District Judge

Date of Original Sentence: May 19, 2000

Original Offense: 21 U.S.C. § 841(a)(1), Possession With Intent to Distribute Methamphetamine

Original Sentence: 120 months' imprisonment, followed by 5 years' supervised release

Type of Supervision: Supervised Release     Date Supervision Commenced: January 21, 2016

Assistant U.S. Attorney: Sam Delk Kennedy, Jr.     Defense Attorney: Michael C. Holley

---

### PETITIONING THE COURT

- ■ To Consider Additional Violations/Information.
- ☐ To issue a Summons.

---

**THE COURT ORDERS:**

- ☒ The Consideration of Additional Violations/Information:
- ☐ The Issuance of a Warrant:
    - ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshal only)
- ☐ The Issuance of a Summons
- ☐ No Action
- ☐ Other

Considered this 13th day of July, 2016, and made a part of the records in the above case.

_____
Waverly D. Crenshaw, Jr.
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Dariel S. Blackledge
Sr. U.S. Probation Officer

Place    Nashville, TN

Date    July 12, 2016

# ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. **92**, has been amended as follows:

### 1) Sentencing Recommendation - Corrected to reflect penalties for defendant's convicted of a Class A Felony

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.    Nature of Noncompliance

1.    **Shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer:**

On March 16, 2016, this officer called the offender's cellular telephone, and Ms. Norman advised the offender was at work and had left his phone in her possession. Ms. Norman identified herself as Bruce Littleton's girlfriend, and she said he had been staying at her residence in Mt. Pleasant, Tennessee, because it was closer to his place of employment in Columbia, Tennessee. During the course of this conversation, this officer inquired about Ms. Norman's criminal history, and she reported a 2006 conviction for Theft. She provided her demographic information and consented to a criminal history background check.

A National Crime Information Center query was conducted, and it was discovered that on March 27, 2006, Ms. Norman was convicted of Theft in the Lawrence County Circuit Court, Pulaski, Tennessee, and sentenced to four years' custody, suspended to four years' probation. Ms. Norman also sustained convictions for Simple Possession in 2006. From 2009 through 2011, Ms. Norman had seven probation violations, of which five were sustained and resulted in partial and ultimately full revocation of her supervision.

In April 2012, Ms. Norman was convicted of Driving Under the Influence and sentenced to 11 months, 29 days' custody, suspended to 11 months, 29 days' probation. In January 2013, she violated this probation, and she was ordered to serve 6 months' custody and terminate from supervision.

In February 2014, Ms. Norman was arrested for Schedule II Drugs, Methamphetamine; Manufacture, Deliver, Sell, or Possess Methamphetamine; Simple Possession; and Unlawful Drug Paraphernalia Uses and Activities. On February 18, 2014, Ms. Norman was convicted of Simple Possession and Unlawful Drug Paraphernalia Uses and Activities. She was sentenced to 11 months, 29 days' probation in each case, to be supervised until fines and court costs are paid. These sentences were ordered to run concurrently.

According to Ms. Norman, she has been sober for over one year and has no active supervision.

On March 17, 2016, the supervising officer met with Mr. Littleton and Ms. Norman, and both parties were advised that his supervised release prohibited his association with convicted felons without the permission of the supervising probation officer. Mr. Littleton was advised that due to Ms. Norman's felony conviction and significant substance abuse history, this officer was unable to permit this association. Both parties were informed that their relationship was in direct violation to the offender's supervised release conditions, and Mr.

Littleton was instructed to move from the residence immediately.

On April 1, 2016, Mr. Littleton advised this officer he had returned to his residence in Waynesboro, Tennessee, and he denied living with Ms. Norman. The offender was again reminded that he could not associate with or live with Ms. Norman without approval from the Court.

On April 19, 2016, an employment verification was conducted, and Mr. Littleton confirmed his new residence in a motel. He said he continued to reside with Rebecca Norman. The offender was again advised that this relationship is in violation of his supervised release, and he informed this officer that she could not "stop his love." Mr. Littleton informed this officer that he and Ms. Norman began dating while he was in state prison, and he expressed his desire to marry her one day. This officer reiterated to Mr. Littleton that this relationship is prohibited, and he requested the contact information for this officer's supervisor, Vidette Putman. The offender was provided with contact information for Supervisory U.S. Probation Officer (SUSPO) Vidette Putman. According to SUSPO Putman, Mr. Littleton contacted her on the same date and expressed his desire to continue an amorous relationship with Ms. Norman, despite the felony association condition imposed by the Court. SUSPO Putman advised the offender that he was in violation of his supervised release and indicated the Court would be notified of his noncompliance.

On May 20, 2016, this officer spoke with the offender regarding his move to a permanent residence in Waynesboro, Tennessee. Mr. Littleton said he continues to cohabitate with Ms. Norman, and the couple engages in an amorous relationship. Mr. Littleton was advised he remains in violation of his supervised release and notification to the Court is pending.

On May 27, 2016, a home inspection was conducted at the offender's residence in Waynesboro, Tennessee. Ms. Norman was at the residence and spoke with this officer. The offender expressed he intends to cohabitate and associate with Ms. Norman despite being made aware that this association constitutes a violation of his supervision.

2. **The defendant shall not commit another federal, state, or local crime:**

On July 10, 2016, at approximately 1:41 a.m., this officer was advised by a Waynesboro, Tennessee, Police Department officer, that the offender was in custody for a domestically-related incident. According to the affidavit, on the evening of July 9, 2016, the officer received a call from dispatch to be on the lookout for a vehicle in which the male subject refused to let the female passenger exit the car. The officer then received a phone call from the Shell gas station, Waynesboro, Tennessee, advising that a woman had come into the store and was bleeding from her leg. The caller indicated the woman reported she jumped from a vehicle as it approached a stop sign. The officer responded to the gas station and made contact with the victim, who was identified as Rebecca Norman. According to Ms. Norman, she said an argument between her and her boyfriend, Bruce Littleton, became physical. Ms. Norman reportedly began packing her things to leave their shared residence, and Bruce Littleton stabbed her with a pair of scissors as she sat on the floor.

Mr. Littleton was later apprehended and subsequently charged with Aggravated Domestic Assault, a Class C felony, in violation of Tennessee Code Annotated § 39-13-102 (Case No. 22-16-1769) in the Waynesboro County, Tennessee, General Sessions Court. No bond was issued, and an Order of Protection prohibiting contact between Rebecca Norman and Bruce Littleton was issued.

Mr. Littleton is currently housed at the Wayne County Criminal Justice Center, Waynesboro, Tennessee. His initial appearance is scheduled in the Wayne County General Sessions Court, Waynesboro, Tennessee, on July 12, 2016. A subsequent court date has been scheduled for August 9, 2016, at 9:00 a.m.

**Compliance with Supervision Conditions and Prior Interventions:**

As noted previously, this officer learned of Mr. Littleton's association with a convicted felon on March 16, 2016, and the next day, he was instructed to move from the residence. He continued to maintain a residence with Ms. Norman until his arrest on July 10, 2016.

**Update on Offender Characteristics:**

Mr. Littleton's term of supervised release began on January 21, 2016. He is a resident of Wayne County, Tennessee, and he cohabitates with his paramour, Rebecca Norman, who is a convicted felon. It is noted Mr. Littleton is employed full-time at EZ Distributing, Inc., a warehouse located in Columbia, Tennessee. The offender participates in the code-a-phone program for substance abuse testing and substance abuse treatment. The probation officer completes frequent unannounced home visits at the offender's residence.

**U.S. Probation Officer Recommendation:**

Due to the time frames of Ms. Norman's recent criminal activity and the nature of her convictions, which involve substance abuse, the supervising officer has advised the offender (on several occasions) that our office cannot grant him permission to associate with Ms. Norman. Mr. Littleton has continued to associate with Ms. Norman, whom he is aware is a convicted felon, despite being instructed to cease the relationship. As Mr. Littleton's allegedly assaulted Ms. Norman on June 10, 2016, and for the safety of the community, it is respectfully requested that a warrant be issued for Bruce Littleton. The U. S. Attorney's Office has been advised of the offender's non-compliance and concurs with the recommendation.

Approved: _/s/ Paul Montgomery_
/s/ Vidette A. Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. BRUCE ALAN LITTLETON, CASE NO. 1:99-00001

**GRADE OF VIOLATION:** A
**CRIMINAL HISTORY:** II

**ORIGINAL OFFENSE DATE:** JULY 14, 1997     Violent Crime Control and
                                              Law Enforcement Act

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 5 years (Class A felony) *18 U.S.C. § 3583(e)(3)* | 27 - 33 months* U.S.S.G. § 7B1.4(a) | None |
| **SUPERVISED RELEASE:** | Not more than 5 years *18 U.S.C. § 3583(h)* | 5 years less any term of imprisonment U.S.S.G.§ 5D1.2(a)(2) | None |

*Mr. Littleton's instant offense resulted in a conviction for a Class A felony. Therefore, although the Guideline Range is 15 to 21 months imprisonment, the range of imprisonment applicable upon revocation where a defendant was on probation or supervised release as a result of a sentence for a Class A felony is 27 to 33 months' imprisonment pursuant to U.S.S.G. § 7B1.4(a)(1)(2).

**Statutory Provisions:** Under 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release.

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). Upon revocation of supervised release, the defendant faces imprisonment of up to five years, pursuant to 18 U.S.C. § 3583(e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade A or B violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(l). In the case of a revocation of probation or supervised release, the applicable range of imprisonment is that set forth in § 7B1.4.

Upon revocation of supervised release, no credit shall be given (toward any term of imprisonment ordered) for time previously served on post-release supervision. U.S.S.G. § 7B1.5.

Respectfully Submitted,

Dariel S. Blackledge
Sr. U.S. Probation Officer


Approved: _____
Vidette A. Putman
Supervisory U.S. Probation Officer