# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | NO. 1:99-cr-00001-1 |
|  | ) | JUDGE CRENSHAW |
| BRUCE ALAN LITTLETON, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

Before the Court is the third amended petition to revoke Defendant's supervised release. (Doc. No. 94.) Defendant filed a Motion to Dismiss the first allegation in the petition as unconstitutionally vague, although he admits that he violated this provision if the Court does not find it unconstitutionally vague. (Doc. No. 114.) In his motion to dismiss, Defendant cites a Seventh Circuit opinion that finds the provision at issue here "[f]ataly vague." United States v. Thompson, 777 F.3d 368, 376-77 (7th Cir. 2015). The Thompson court found that a defendant could not know whether someone he was associating with had ever been convicted of a felony. Id. at 377. This is not at issue in this case. Here, United States Probation Officer Dariel Blackledge told Defendant no less than four times that he was not allowed to live with his girlfriend, Rebecca Norman, without the Court's permission because she had been convicted of a felony. (See Doc. No. 94 at 2-3.) This is not a case where Defendant was unaware of his conduct due to the vagueness of the condition, so as to violate due process. See United States v. Shultz, 733 F.3d 616, 622-23 (6th Cir. 2013) (finding the condition that the defendant not associate with children was not unconstitutionally vague because it fixed "an ascertainable standard of guilt."). Under the circumstances here, there is an "ascertainable standard of guilt" in the challenged provision, so the

Court cannot find that the challenged condition violated Defendant's due process rights. Defendant's motion is **DENIED**.[1]

Defendant also contests the second allegation in the petition, that he violated state or local law. The petition alleges that Defendant stabbed Norman, with scissors, the state authorities charged Defendant with aggravated domestic assault, and those charges are currently pending in Wayne County, Tennessee. (Doc. No. 94 at 3-4.) Blackledge and Defendant testified about the circumstances surrounding his arrest. For the reasons given at the hearing, the Court finds that the Government proved, by a preponderance of the evidence, that he violated this condition of a release.

Accordingly, the Court finds that Defendant has an "A" grade violation, a criminal history of "II," and a guideline range of 27-33 months' imprisonment. The Court considered the argument by counsel and the recommendation of the Probation Office, and for the reasons given at the hearing, sentences Defendant as follows:

1. Defendant is remanded to the custody of the Bureau of Prisons for a period of 27 months. The Court recommends Defendant receive mental health counseling while in custody.

2. Defendant shall serve a period of 12 months on supervised release. He shall be on the same provisions of supervision with the following modifications:

    a. The provision not to associate with felons shall be amended as Defendant recommends: "The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer."

    b. The Court adds the special provision that Defendant shall engage in mental health assessment and counseling, including anger management, as recommended by his United States Probation Officer.

---

[1] The Court finds, however, that even if the Court granted Defendant's motion, his guideline range would not change, and neither would the Court's sentence.

c. The Court adds the special provision that Defendant shall engage in drug treatment and testing, as recommended by his United States Probation Officer.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE